**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **No. 09-cr-454** |
| **MELVIN LEWIS,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                    JANUARY 20, 2021

Melvin Lewis asks the Court to vacate his sentence under 28 U.S.C. § 2255. The Government opposes the petition as a meritless challenge to the sentence. For the reasons that follow, the Court denies Mr. Lewis's petition and will not issue a certificate of appealability.

**BACKGROUND**

In early 2009, Mr. Lewis approached a temporarily unattended vehicle, whose owner had left the motor running. When the owner returned, Mr. Lewis pointed a silver revolver at him and told him not to move. The owner did not challenge this instruction and Mr. Lewis got in the car and sped off. The owner was able to flag a nearby police officer and provided a description of his stolen car. That description was transmitted to other officers, two of whom located the car and tried to stop it. Mr. Lewis, still behind the wheel, then led the officers on a pursuit through the city that ended only when he crashed into a parked car. During the chase, Mr. Lewis pitched a pistol out of the car's window. Officers later recovered the weapon, which was loaded with four rounds of ammunition.

Mr. Lewis was charged in a superseding three-count indictment with carjacking, possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and committing an offense while on release, in violation of 18 U.S.C. § 3147. Because the pistol was

1

manufactured in 1871, it did not qualify as a "firearm" for purposes of charging Mr. Lewis as a felon-in-possession. At the time, Mr. Lewis was on pre-trial release based on an indictment filed in New York for conspiracy to transport and sell stolen cars in interstate commerce and interstate transportation of stolen vehicles. His alleged conduct that led to the charges here in Philadelphia occurred roughly a month after he was released from custody in New York.

Mr. Lewis proceeded to trial in this District, where he was convicted of possession of ammunition (Count Two) and commission of a crime while on release (Count Three). The jury acquitted him of the carjacking charge.

Under the Federal Sentencing Guidelines, Mr. Lewis earned a Total Offense Level of 29 for the ammunition offense. This reflected the base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A), an additional four levels because he possessed the ammunition in connection with another felony offense,[1] under § 2K2.1(b)(6), two levels for reckless endangerment during flight, under § 3C1.2 and three levels because he committed the ammunition offense while on supervised release, under § 3C1.3. Mr. Lewis's Criminal History Category of V led to an advisory range of 140 to 175 months' imprisonment.

The Court imposed a below-guideline sentence of 138 months' imprisonment— consecutive terms of 96 months for Count Two and 42 months for Count Three—to be followed by three years of supervised release. He was also ordered to pay a $1,000 fine and a $200 special assessment.

---

[1]    It is immaterial for purposes of calculating the guideline range—and including a four-level enhancement—that Mr. Lewis was ultimately acquitted of the carjacking charge. The jury need not find the facts that underlie a sentencing enhancement beyond a reasonable doubt. Instead, the Government bears the burden of proving by a preponderance of the evidence that a sentencing enhancement applies. *United States v. Fisher*, 891 F.3d 93, 112 (3d Cir. 2018).

Mr. Lewis did not object to the sentence imposed at the sentencing hearing, but he appealed on the basis that the statutory maximum in his case was ten years. The Third Circuit Court of Appeals, writing precedentially, rejected his argument that the 42-month sentence for violation of § 3147 should not run consecutively. The appellate court further held the "District Court committed no error in sentencing [Mr.] Lewis to 138 months' imprisonment." *United States v. Lewis*, 660 F.3d 189, 195 (3d Cir. 2011).[2]

Mr. Lewis has now filed a § 2255 petition challenging the two-level sentencing enhancement for reckless endangerment during flight. He contends the enhancement violates due process following the Supreme Court's decision in *Johnson v. United States*. 576 U.S. 591 (2015). Specifically, he claims that the enhancement no longer qualifies as a "crime of violence."

While his petition was pending, Mr. Lewis was released from federal custody. Since December 2019, he has been serving his three years of supervised release. On August 14, 2020, he was arrested on state charges. A petition for revocation of federal suspension is pending and a federal detainer has been lodged so notifying the state authorities.

## LEGAL STANDARD

Section 2255 allows a prisoner in custody to attack his sentence if it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). So, a petitioner may only prevail on a § 2255 claim by demonstrating that an error of law was constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission

---

2       The appellate court did clarify that § 3147 does not involve a separate count of conviction and is properly a "sentence enhancement." Based on Mr. Lewis's eleventh-hour claim at oral argument that the sentence might have been different had the conviction rested on one count rather than two, the Court of Appeals remanded the case. On remand, this Court imposed a sentence that amounted to the same as before.

3

inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428 (1962).

Mr. Lewis filed his § 2255 petition *pro se*. For practical purposes, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are construed liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nonetheless, a *pro se* petition must meet certain basic standards, as discussed below.

## DISCUSSION

Mr. Lewis raises a due process challenge to his sentence based on an intervening change in law, namely the *Johnson* decision from the Supreme Court. But *Johnson* does not apply to the sentencing enhancement that Mr. Lewis challenges. Nor does a challenge to the Federal Sentencing Guidelines sound in due process. Because Mr. Lewis raises no other arguments, the Court denies his § 2255 petition.

The Court also declines to hold an evidentiary hearing because the record conclusively demonstrates that Mr. Lewis is not entitled to relief. Because Mr. Lewis has not established a denial of a constitutional right, the Court will not issue a certificate of appealability in this case.

## I.   Jurisdiction

As a threshold matter, the Court addresses whether Mr. Lewis's petition was rendered moot upon his release from federal custody. He is now serving his three-year term of supervised release. The Court is limited to adjudicating "actual, ongoing cases or controversies." *United States v. Scripps*, 961 F.3d 626, 630 (3d Cir. 2020); U.S. Const. art. III, § 2. So, the immediate question is whether the Court can grant relief (before addressing whether such relief is warranted).

That Mr. Lewis has served his term of imprisonment, however, does not moot his petition. *Scripps*, 961 F.3d at 631; *United States v. Doe*, 810 F.3d 132, 142 (3d Cir. 2015); *United States v. Cobb*, 2020 WL 2198978, at *2 (E.D. Pa. May 6, 2020). To be sure, the petition does not explicitly

4

challenge the term of supervised release. But he does challenge his sentence, which includes the term of supervised release imposed by this Court. 18 U.S.C. § 3583(a) ("The Court . . . may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . .").

Because the Court may reduce the term of supervised release if the petition is granted, it can theoretically grant effective relief. So, Mr. Lewis may challenge his sentence under § 2255. *United States v. Lawrence*, 214 F. Supp. 3d 401, 405 n.11 (E.D. Pa. 2016); *see also United States v. Tai*, No. 10-769, 2018 WL 4615972, at *3 n.6 (E.D. Pa. Sept. 26, 2018) ("Although [petitioner] was released from prison shortly after the evidentiary hearing, his § 2255 motion is not moot as [he] is currently serving a three-year term of supervised release.").

## II.   *Johnson* **Has No Bearing Here**

Nonetheless, the Court will not grant the petition because it suffers from fatal infirmities.

Mr. Lewis attempts to bootstrap *Johnson's* void-for-vagueness holding to the sentencing enhancement for reckless endangerment during flight under U.S.S.G. § 3C1.2. *Johnson* held that the definition of "violent felony" in the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591 (2015). A "violent felony" in this context includes an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C.§ 924(e)(2)(B)(ii). *Johnson* applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016). As a result, *Johnson* ushered in a slate of petitions from defendants who were sentenced as career offenders under the ACCA. But Mr. Lewis is not one of these such defendants. He was not sentenced as a career offender, nor was he convicted of reckless endangerment as a substantive offense.

5

Instead, the Court applied the sentencing enhancement under § 3C1.2 for reckless endangerment during flight. The section provides for a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer[.]" U.S.S.G. § 3C1.2. It is true that the language of the ACCA's residual clause and the operative enhancement language in § 3C1.2 entail some assessment of risk. Mr. Lewis seizes on these facial similarities to claim that the latter is likewise unconstitutionally vague (and so is his sentence).

But this provision—unlike the residual clause of the ACCA—does not violate due process.

Indeed, the Supreme Court expressly held that the advisory Federal Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). So, under *Beckles*, Mr. Lewis's substantive argument has no merit.[3]

In addition, the animating concern underlying *Johnson* is notably absent here. The now-invalidated residual clause posed due process challenges because it left "grave uncertainty about how to estimate the risk posed by a crime." *Johnson*, 576 U.S. at 597. Courts were left to construe conduct that presented a serious potential risk of physical injury. This hypothetical abstraction violated the defendant's due process because it failed to give fair notice to a defendant and invited arbitrary judicial enforcement. *Id.* That is not the case with the sentencing enhancement at issue here.

For a sentencing enhancement to apply, the Government must demonstrate by a preponderance of the evidence that Mr. Lewis was fleeing law enforcement and recklessly created a substantial risk of death or serious bodily injury to another while fleeing. That is, the grounds to apply the enhancement is based on his "real-world conduct." Mr. Lewis does not argue the weight

---

[3]    Moreover, when Mr. Lewis was sentenced in 2009, the Supreme Court had already held that the Federal Sentencing Guidelines were advisory. *See United States v. Booker*, 543 U.S. 220 (2005).

6

of the evidence was insufficient to establish that he was fleeing from law enforcement. Nor could he raise a colorable argument on the point. It is not disputed that he led officers on a car chase, during which he threw a loaded pistol out of the window. The Third Circuit Court of Appeals has held near identical facts warranted the two-level enhancement. *See United States v. Gray*, 942 F.3d 627, 632 (3d Cir. 2019) (affirming application of enhancement when defendant threw a loaded firearm down a residential street in view of a pursuing officer).

Because *Beckles* forecloses Mr. Lewis's petition, the Court will deny it.

## III.   Hearing

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to § 2255 unless the motions, files and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Although the movant must meet only a low threshold to secure an evidentiary hearing, *Booth*, 432 F.3d at 546, Mr. Lewis is entitled to no relief. So, he is not entitled to a hearing in this case.

## IV.   Certificate of Appealability

When a district court issues a final order denying a § 2255 petition, the court must also determine whether a certificate of appealability should issue. Based upon the motion and files and records of the case, and for the reasons set forth above, the Court finds that Mr. Lewis has not exhibited a substantial denial of a constitutional right. A certificate will therefore not issue.

7

CONCLUSION

For the reasons discussed above, Mr. Lewis's § 2255 petition will be denied, and a Certificate of Appealability will not issue.  An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

8